FILED
SUPERIOR COURT
OF GUAM

2021 NOV 30 PM 3: 16

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0245-21** |
| | GPD Report No. 21-00184 |
| v. | |
| | **DECISION AND ORDER** |
| ANDRE DE WHITE TAYLOR | **DENYING THE DEFENDANT'S MOTION** |
| (*aka* **Andre Dewhitte Taylor**), | **TO DISMISS WITH PREJUDICE** |
| DOB: 07/18/1976 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 8, 2021 for hearing on Andre De White Taylor's (*aka* Andre Dewhitte Taylor's) ("Defendant's") Motion to Dismiss With Prejudice ("Motion"). Assistant Attorney General Steven Haderlie represents the People, and Joaquin Arriola, Jr. represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's Motion.

## BACKGROUND

On January 2, 2021, Defendant was arrested and charged with Charge One: Family Violence (as a 3rd Degree Felony), Charge Two: Strangulation (as a 3rd Degree Felony), Charge Three: Interfering with the Reporting of Family Violence (as a 3rd Degree Felony), and Charge Four: Family Violence (as a Misdemeanor). Indictment (Jun. 1, 2021). The alleged victim in this case is Mikee Taylor, the Defendant's wife. Magistrate's Complaint (May 15, 2021).

The Defendant asserted his right to a speedy trial, and a jury trial was set for September 7, 2021. *See* Statement Re: Speedy Preliminary Examination, Indictment and Speedy Trial (Jul. 9, 2021); Minute Entry (Sep. 1, 2021).

Decision and Order Denying the Defendant's Motion to Dismiss With Prejudice
CF0245-21, *People of Guam v. Andre De White Taylor*
Page 1 of 5

On September 3, 2021, the People filed their Motion to Dismiss Without Prejudice. People's Motion and Order to Dismiss Without Prejudice (Sep. 15, 2021). The People requested dismissal without prejudice on the grounds that the Military was aiming to take over prosecution of this case. Id at 1. The Court granted the People's motion, and the case was dismissed without prejudice on September 7, 2021. Id at 2.

On September 23, 2021, Defendant filed his Motion to Dismiss With Prejudice. Defendant claims dismissal with prejudice is warranted because the People's conduct violated his Due Process right to a speedy trial. Motion at 1 (Sep. 23, 2021).

On October 8, 2021, the People filed their Opposition to Defendant's Motion ("People's Opposition"). The People argued dismissal with prejudice is not warranted because they followed proper procedures and displayed good faith when requesting dismissal without prejudice. People's Opposition at 2-5 (Oct. 8, 2021).

On October 19, 2021, Defendant filed his Reply to People's Opposition ("Defendant's Reply"). Defendant again argued the People showed bad faith when withholding Victim's relocation off Guam and waiting to bring their Motion to Dismiss Without Prejudice. Defendant's Reply at 3-4 (Oct. 19, 2021). Defendant argued this showing of bad faith justifies a dismissal without prejudice. Id at 2-3.

The Court held a hearing on November 8, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I. **The People followed proper procedures in seeking their Motion to Dismiss Without Prejudice.**

Defendant challenges the Court's dismissal without prejudice on the grounds that the People failed to follow the procedures mandated by 8 G.C.A. § 80.70(a). Motion at 4 (Sep. 23, 2021).

Under 8 G.C.A. § 80.70(a):

> The prosecuting attorney may with leave of court file a dismissal of an indictment ... and the prosecution shall thereupon terminate... The

Decision and Order Denying the Defendant's Motion to Dismiss With Prejudice
CF0245-21, *People of Guam v. Andre De White Taylor*
Page 2 of 5

prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

"The prosecutor's good or bad faith in bringing the motion is the determining factor in granting or denying the motion." *People v. Gutierrez*, 2005 Guam 19 ¶ 51. There is a rebuttable presumption that the People are acting in good faith when seeking dismissal under 8 G.C.A. § 80.70(a). Id at ¶ 51. This presumption of good faith is not absolute however, and dismissals sought under improper motives such as "to escape from a position of less advantage" demonstrate lack of good faith. Id at ¶ 53.

In this case, the People did supply a statement of reasons for seeking dismissal. *See* People's Motion and Order to Dismiss Without Prejudice at 1 (Sep. 3, 2021). The People explained they were seeking dismissal because "the Military is looking to take over the prosecution of this case" and dismissal would benefit "judicial efficiency". Id at 1. The People have followed proper procedures and the dismissal need not be corrected.

II. **The People did not act in bad faith when they filed their Motion to Dismiss Without Prejudice.**

Having properly filed their reasons, the People's request for dismissal "should generally be granted" unless Defendant can rebut the presumption that the prosecutor acted in good faith. *Gutierrez* at ¶ 52.

The People filed their Motion to Dismiss Without Prejudice four days before the scheduled trial. Defendant alleges this delay in bringing the motion indicates the People's bad faith. Motion at 5 (Sep. 23, 2021).

However, Defendant has failed to make such a showing here. In July, 2021, the Victim left Guam and has yet to return. Id at 3. Throughout August, the People were actively talking with military personal about whether they would charge the case. People's

Decision and Order Denying the Defendant's Motion to Dismiss With Prejudice
CF0245-21, *People of Guam v. Andre De White Taylor*
Page 3 of 5

Opposition at 3 (Oct. 8, 2021). As August rolled on, the People speculated that Victim was likely not going to return to Guam for trial. Id at 3. However, this was only a suspicion until the eve of trial when it then became clear that Victim would be absent. Id at 3-4. Victims change their minds about whether to testify all the time and prosecutors aren't obligated to dismiss cases just because of what a victim may want months before trial. There was a real possibility that the Victim would change her mind and return to Guam to testify. This possibility remained until a few days before trial when it then became clear that Victim would be absent. The People promptly filed their Motion for Dismissal once this was clear, and they've displayed no behavior indicating this dismissal was sought in bad faith.

Neither did the People display bad faith when they failed to disclose whether Victim was on the island or not. The People have an obligation to turn over "the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial." 8 G.C.A. § 70.10(a)(1), However, this does not require the People to continuously update the Defendant on the current and ever-changing locations of witnesses. There is no indication the People failed in their discovery obligations or departed from proper conduct when withholding the present location of a witness.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The Court is satisfied that the People followed proper procedures when making their good faith Motion to Dismiss Without Prejudice. The Court will not amend its original Order for Dismissal and this matter will not be dismissed with prejudice.

**IT IS SO ORDERED** this November 30, 2021.

Decision and Order Denying the Defendant's Motion to Dismiss With Prejudice
CF0245-21, *People of Guam v. Andre De White Taylor*
Page **4** of 5



HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_AG, Arriola Law Firm_

Date: _11/30/21_ Time: _3:25pm_
_CL_
Deputy Clerk, Superior Court of Guam

Decision and Order Denying the Defendant's Motion to Dismiss With Prejudice
CF0245-21, *People of Guam v. Andre De White Taylor*
Page **5** of **5**